# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AIMEE LYNN O'NEIL, | Case No. 2:20-cv-652-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| CHARLENE O'NEIL, GLORIA MAZZOLI | |
| Defendants. | |

Presently before the court is pro se Plaintiff Aimee O'Neil's application to proceed *in forma pauperis* and her complaint filed on April 7, 2020. ECF No. 1. Plaintiff filed a second such motion on April 27, 2020. ECF No. 14. In addition, on May 5, 2020, she filed a motion to make payments in lieu of appearing in forma pauperis.[1] ECF No. 18.

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. Given her first application to proceed *in forma pauperis* (ECF No. 1) is granted, her second application (ECF No. 14) and her motion to make payments (ECF No. 18) are denied a moot. The Court will next screen the complaint. ECF No. 1-1.

**I.    SCREENING OF COMPLAINT AND MOTIONS TO AMEND COMPLAINT**

   **A. BACKGROUND**

---

[1] It appears Plaintiff believed that the court could rule on her claims more quickly if she were to pay the filing fee rather than proceed *in forma pauperis*.

1   Plaintiff's original complaint is a 35-page document recounting the many ways she believes her mother, defendant Charlene O'Neil, interfered with her ability to earn a living, her rights to privacy, as well as many other rights under the constitution. For example, Plaintiff claims her mother plotted to have her killed resulting in her needing to quit her job, had her phone tapped, and had Plaintiff's co-workers follow her, harass her, stalk her, and intimidate her. ECF No. 1-1 at 9. Plaintiff also explains that, based on the fact her mother had her phone tapped, all her co-workers and customers knew about the text messages on her phone. *Id*. at 10.

Given the number of threats, Plaintiff explains that the Colorado Department of Parole deemed this conduct to be an immediate threat "and made [her] quit [her] job and pack all of her possessions and had a[n] emergency parole meeting to discuss a safety plan." *Id*. at 15. But her mother's behavior continued at her new employment, and now her mother somehow directed male customers to sexually harass her. *Id*. at 16. Plaintiff explains she has had to contact the police because her mother was having her followed and the Department of Parole "ordered to obtain a restraining order." *Id*. at 20.

Immediately after Plaintiff obtained the restraining order, her mother had men sexually harass her. *Id*. at 21. Plaintiff explains her mother also interfered with her relationship with Mark Morrison, even though the Department of Parole "made it clear that they approved of the relationship" and that her mother "needed to stop interfering in her daughter's personal life." *Id*.

Plaintiff alleges that Gloria Mazzoli, the other defendant, has been helping her mother in her acts of interference and intimidation. *Id*. at 35.

Plaintiff also provides some background into her relationship with her mother. Plaintiff explains her mother "locked [her] in her bedroom for days at a time with only a bucket to defecate and urinate in." *Id*. at 30. Plaintiff also explains that a man was found stabbed to death in the kitchen of the house she grew up in and that she was forced to watch as her father dug a shallow grave for him. *Id*. at 31. Later, this man's body was dug up and placed in her uncle's well. She also claims that her mother forced her to pose for pornographic pictures as a child. *Id*. at 32.

Plaintiff filed two motions for leave to file an amended complaint. *See* ECF Nos. 19, 21. The most recent such motion was filed on June 1, 2020. ECF No. 21-1. This proposed amended complaint is eleven pages long and is, in essence, a summarized version of the original complaint. *Id.*

### B.  ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Even liberally construing Plaintiff's complaint, the court finds that her factual allegations describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted. Additionally, the docket is replete with additional "notices" Plaintiff filed that purport to supplement the claims in her complaint. *See, e.g.*, ECF No. 3 ("Notice of Sexual Harassment" where Plaintiff explains her mother recently had a man sexually harass her and that she had to file a claim with the Federal Trade Commission based on her phone being tapped); ECF No. 8 ("Notice of Retaliation" explaining how defendants continue to engage in the same conduct alleged in the complaint); ECF No. 10 ("Notice of Harassment" explaining one or both of the defendants had an RFID chip placed on her leg); ECF Nos. 15-17 (other similar notices). Given

that Plaintiff's complaint does not set forth a plausible claim, it is recommended that the complaint be dismissed.

The Court also reviewed Plaintiff's two motions to amend her complaint. Even construing these complaints liberally, neither states a claim upon which relief can be based. Accordingly, the Court recommends that these motions (ECF Nos. 19, 21) be denied, as amendment would be futile. Furthermore, given that Plaintiff has now unsuccessfully attempted to state a claim upon which relief can be based three times and appears to be delusional, the Court recommends that Plaintiff's case be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to provide leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

**II.     OTHER MOTIONS**

Plaintiff also filed a motion for summary judgment (ECF No. 4), a motion for a restraining order (ECF No. 5), and motions for orders (ECF Nos. 7 and 9) to have the RFID in her leg removed. Given the Court is recommending that this case be dismissed, the Court also recommends these motions be denied as moot.

**III.    CONCLUSION**

IT IS ORDERED Plaintiff's request to proceed in forma pauperis (ECF No. 1) is granted.

IT IS FURTHER ORDERED that ECF Nos. 14 and 18 are DENIED as moot.

IT IS RECOMMENDED that Plaintiff's complaint (ECF No. 1-1) be DISMISSED.

IT IS FURTHER RECOMMENDED that Plaintiff's motions for leave to amend her complaint (ECF Nos. 19 and 21) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment (ECF No. 4) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Restraining Order (ECF No. 5) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Motions for Order (to have RFID device removed from leg) (ECF Nos. 7 and 9) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Motions for Default Judgment (ECF Nos. 11 and 13) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's case be DISMISSED.

**IV.  NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  August 14, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE